

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**AIMEE K. LULICH**
Assistant Corporation Counsel
alulich@law.nyc.gov

October 8, 2025

**BY ECF**
Hon. Lee G. Dunst
U.S. Magistrate Judge
United States District Court Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

      Re:  <u>Eastern Region Helicopter Council et al. v. City of New York.</u>
            25-CV-04682-LGD

Your Honor:

    I am a Senior Counsel assigned to represent defendant City of New York ("City") in the above-referenced matter. I write regarding the Court's August 27, 2025 Order to Show Cause and Plaintiffs' letter response. Contrary to Plaintiffs' arguments, none of the material events or omissions related to this action occurred in the Eastern District of New York ("EDNY"), and proper venue in the EDNY cannot be established pursuant to 28 U.S.C. § 1391(b)(2). The City submits that venue in the EDNY is not improper under 28 U.S.C. § 1391(b)(1); however, this matter should be transferred to the Brooklyn court house pursuant to Rule 1 of the Rules for the Division of Business of the EDNY ("DOB").[1]

    A federal civil action may be brought in (1) "a judicial district in which any defendant resides…" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) in any "district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b)(1)-(3). An entity is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question…" 28 U.S.C. § 1391(c)(2).

    Plaintiffs challenge New York City Local Law 64 of 2024 ("LL 64") which prohibits non-essential helicopter operations from two Manhattan heliports that exceed certain federally-established noise thresholds. The Complaint brings three causes of action, and the City is the only defendant. Plaintiffs argue that venue is proper in the EDNY[2] for the claim under New

---

[1] Alternatively, should this Court find that 28 U.S.C. § 1391(b)(2) governs venue here, the Court may properly transfer this matter to the SDNY, where all of the material events or omissions giving rise to the claim occurred, pursuant to 28 U.S.C. § 1404(a).

[2] Plaintiffs' arguments appear to be framed as an attempt to establish venue for the SEQRA claim in the EDNY as a whole. However, the City assumes, for the purposes of briefing, that

York's State Environmental Quality Review Act ("SEQRA") because Plaintiff Seskin may experience increased helicopter traffic flying over her home in Garden City, New York starting in 2029. Plaintiffs allege that the potential for "increased noise and air pollution" establishes venue under 28 U.S.C. § 1391(b)(2). First, Plaintiffs have failed at the outset to meet their burden for establishing proper venue *with respect to each claim*, because they have only attempted to establish venue in the EDNY for the SEQRA claim. Basile v. Walt Disney Co., 717 F.Supp.2d 381, 386 (S.D.N.Y. June 16, 2010). Second, Plaintiffs' argument that the SEQRA claim is properly venued in the EDNY under 28 U.S.C. § 1391(b)(2) is incorrect, but, ultimately, of no moment. Venue in the EDNY is not improper because the City "resides" in Kings, Queens and Richmond Counties (though the material events occurred in New York County). 28 U.S.C. §§ 1391(b)(2) & (c)(2); 28 U.S.C. § 112(c). However, assignment is not proper in Central Islip under 28 U.S.C. § 1391 or Rule 1 of the DOB.

Rule 1(d)(3) of the DOB provides that a civil case will be designated for assignment in Central Islip, in pertinent part, if the case "has been removed from a State Court in Nassau or Suffolk County" or "(1) a substantial part of the events or omissions giving rise to the claim or claims occurred in; (2) a substantial part of the property at issue is situated in; or (3) a majority of defendants reside in Nassau or Suffolk County…" "*Otherwise, the case will be designated a Brooklyn case.*" Rule 1(d)(3)(C)((3)) (emphasis added).[3]

This matter was not removed from State Court, and the City does not "reside" in Nassau or Suffolk Counties. Further, Plaintiffs' argument wholly fails to establish that a "substantial part of the acts or omissions occurred" in Nassau or Suffolk Counties; indeed, all of the relevant events or omissions occurred, and all of the impacted property is located, in the SDNY. LL 64 was passed by New York City Council in Manhattan, and regulates helicopter operations at two heliports located in Manhattan. The two heliports are owned by the City and managed by New York City Economic Development Corporation ("EDC"), which is headquartered in Manhattan. EDC contracts with Atlantic Aviation, headquartered at 499 East 34th Street in Manhattan, to operate the East 34th Street heliport. Operation of the Downtown Manhattan heliport is contracted by EDC to Downtown Skyport, a foreign limited liability company incorporated in Delaware.

By contrast, Plaintiffs allege that if some non-essential helicopters are prohibited from using the two Manhattan heliports starting in 2029, some of these private helicopters may use LaGuardia or JFK airports (which are located in Queens County) which may result in additional helicopters flying over one of the Plaintiffs, Victoria Seskin's, home in Nassau County. These alleged events fall far short of alleging substantial events or omissions. It is true that Plaintiffs need not show that their preferred venue has the "most substantial" events or omissions giving rise to the dispute. Daniel v. Am Bd. Emergency Med., 428 F.3d 668, 672 (2d Cir. 1994). However, the Second Circuit has "caution[ed] District Courts to take seriously the adjective 'substantial'" and emphasized that proper venue requires "*significant* events or omissions *material* to the [] claim[s]." Gulf Ins. Co. v. Glassbrenner, 417 F.3d 353, 357 (2d Cir. 2005) (emphasis in original). Plaintiffs' speculative, future potential impacts, which rely upon the

---

Plaintiffs' arguments were also intended to assert that this matter should be assigned to Central Islip under the "substantial part of the events or omissions" analysis under DOB Rule 1(d)(3).

[3] Defendants reserve the right to move to change the Courthouse assignment from the Central Islip courthouse to the Brooklyn courthouse within the time allowed to respond to the Complaint pursuant to DOB Rule 1(f).

assumption that third-party actors will choose to fly helicopters over Garden City four years from now, fail to meet this standard.

Nor do the cases cited by Plaintiffs support their contention that a speculative potential harm in the distant future is sufficient to establish venue. Many of the cases cited by Plaintiffs relate to standing and ripeness under SEQRA, issues which are not raised in the Court's Order to Show Cause and not relevant to the venue inquiry. Those cases that did address venue demonstrate that Plaintiffs have not met their burden here. Cheeseman v. Carey, 485 F.Supp. 203 (SDNY Jan. 10, 1980) applied an earlier version of §§ 1391 which has since been amended. Plaintiffs challenged a State agency's determination, made in Albany, which impacted the pay of corrections workers throughout the state, including the SDNY, resulting in the court's conclusion that it was properly brought in the SDNY. Doe v. NY, 2012 U.S. Dist. LEXIS 140802 (EDNY Sept. 27, 2012) involved a decision made by officials in Albany that was carried out, *inter alia*, in Brooklyn, where the plaintiff suffered a concrete harm (the transmission of hepatitis). Likewise, in Farmland Dairies v. McGuire, 771 F.Supp. 80 (SDNY Aug. 13, 1991), a challenge to the amendment of a law regulating the cost of milk throughout the state could be brought in the SDNY where plaintiff distributed milk that was subject to the law. In Molinari v. Bloomberg, 2008 U.S. Dist. LEXIS 101193 (EDNY Dec. 15, 2008), the court denied a motion to transfer pursuant to 28 USC § 1404(a),[4] finding that venue would be proper in either the EDNY or the SDNY where the Plaintiff challenged the Term-Limits Bill permitting certain City elected officials to run for re-election, which was passed in the SDNY but applied to the next election throughout the City. By contrast, here, Plaintiffs speculate that more helicopter traffic may result in Ms. Seskin experiencing more helicopter noise or pollution in 2029 in Nassau County. There is no current, ongoing, or certain impact, and no nexus to Nassau or Suffolk Counties. Rather, LL 64 was enacted in New York County, will be implemented in New York County, and regulates activity in New York County.

Further, to the extent Plaintiffs rely entirely on Ms. Seskin to support their venue argument and additionally argue that Ms. Seskin has standing, the City briefly addresses Ms. Seskin's standing here. In its response to the Complaint, the City will demonstrate that the SEQRA claim must be dismissed for lack of standing, terminating Ms. Seskin, the sole link with Nassau County, as Plaintiff.[5] To proceed in a SEQRA claim "[p]laintiffs must not only allege, but if the issue is disputed must prove, that their injury is real and different from the injury most members of the public face." Save the Pine Bush, Inc. v. Common Council of City of Albany, 13 N.Y.3d 297, 306 (2009). The Complaint fails to allege any such real, distinct injury because there is simply no basis on which to conclude that nonessential flights will choose to use LaGuardia or JFK airports or to use a flight path over Garden City, New York. Nonessential flights currently departing from Manhattan include primarily sightseeing tours and commercial flights—shuttles to the region's airports and commuter flights between New York City and destinations on Long Island and other destinations along the eastern seaboard. Nothing in the complaint explains why Ms. Seskin could plausibly be "concerned" that sightseeing tours of Manhattan would be re-routed over Garden City, or that the closure of two Manhattan heliports would somehow increase commuter helicopter traffic to LaGuardia or JFK airports. Further,

---

[4] A different legal standing applies to 28 USC § 1404(a) than § 28 USC 1391. Most notably the burden of proof is on the movant, generally the defendant, rather than the plaintiff.

[5] Defendant provides only a very brief summary of its argument here, as it will be fully-briefed in the response to the Complaint.

there is nothing to suggest that any helicopters that may be displaced from using the two Manhattan heliports in 2029 will choose these airports, or a flight path over Garden City, over other options.

Thus, the Complaint's assumption that traffic would increase over Garden City is entirely speculative. New York courts have held that claims of an injury-in-fact based solely on speculation are insufficient to establish standing. See, e.g., Shapiro v. Torres, 153 A.D.3d 835 (2d Dept. 2017) ("petitioners' alleged environmentally related injuries are too speculative and conjectural to demonstrate an actual and specific injury-in-fact"); Person v. N.Y.C. Dept. of Transp., 143 A.D.3d 424 (A1st Dept. 2016) (individual lacked standing under SEQRA where allegations were purely speculative). Thus, Plaintiffs' reliance on the SEQRA claim to base venue in Central Islip fails on all fronts.

Finally, the Second Circuit recognizes that statutes governing venue are intended to protect defendants against being required to try a case in an unfair or inconvenient forum without a real relationship to the dispute. See, e.g., Daniel, 428 F.3d at 432 (collecting cases). The City submits that it would be needlessly inconvenient to the Defendant and witnesses to litigate this matter in Central Islip. By contrast, only Ms. Seskin resides near Central Islip, as the other Plaintiffs are corporations located out of state, and, as demonstrated above, the City contends that Ms. Seskin cannot establish the standing required to remain as a Plaintiff.

Accordingly, the City requests that the Court find that this matter lacks substantial events or omissions or property located in the EDNY and Suffolk and Nassau Counties, and transfer this case to the Brooklyn courthouse pursuant to DOB Rule 1(c) and 1(f), or, in the alternative, transfer this matter to the SDNY pursuant to 28 U.S.C. § 1404.

We thank the Court for its consideration of this request.

Respectfully submitted,

/S
Aimee K. Lulich
Senior Counsel

cc:   Attorneys of record (By ECF)