

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

James M. Catterson
tel: +1.212.858.1048
james.catterson@pillsburylaw.com

December 11, 2025

<u>Via ECF</u>
Hon. Nicholas G. Garaufis
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 1426 S
Brooklyn, New York 11201

Re:  <u>Eastern Region Helicopter Council et al. v. The City of New York</u>, Case No. 2:25-cv-04682-NGG-LGD – Response to Defendant's Pre-Motion Conference Request

Dear Judge Garaufis:

We jointly submit this letter on behalf of Plaintiffs Eastern Region Helicopter Council, Vertical Aviation International, and Victoria Seskin (hereinafter collectively referred to as "Plaintiffs") in response to Defendant The City of New York's (hereinafter referred to as the "City") request for a pre-motion conference seeking leave to file a motion to dismiss Plaintiffs' Complaint.[1] Plaintiffs submit that the proposed motion lacks merit because Plaintiffs' claims are supported by detailed, factual allegations demonstrating that Local Law 64 of 2024 (hereinafter referred to as "Local Law 64") is preempted, unlawful, and arbitrary. Further, Plaintiffs have each suffered a concrete, particularized injury resulting from its enactment. Accordingly, Plaintiffs respectfully request that the City's request for leave to file its proposed motion be denied.

*Background*

On August 22, 2025, Plaintiffs commenced the instant action challenging Local Law 64, which prohibits most non-essential helicopter operations at the City-owned Downtown Manhattan and East 34th Street Heliports beginning on December 1, 2029. <u>See generally</u> ECF No. 1. Plaintiffs allege, *inter alia*, that Local Law 64 is preempted based on the Federal Aviation Administration's (hereinafter referred to as the "FAA") exclusive authority over aircraft noise and access policy and aviation safety and operations and violates the New York State

---

[1] Plaintiffs write pursuant to Part IV.A.2.a of the Court's Individual Rules of Practice to briefly "set[] forth [their] position on the issues identified" in the City's submission.

1

Environmental Quality Review Act (hereinafter referred to as "SEQRA").

### *Local Law 64 is Preempted by the Airport Noise and Capacity Act*

As set forth in the Complaint, Congress established a comprehensive federal framework governing aircraft noise and airport access through the Airport Noise and Capacity Act of 1990 (hereinafter referred to as "ANCA") and its implementing regulations. ANCA requires that prior to the implementation of any restriction on the operation of stage 2 aircraft,[2] airport proprietors comply with specific notice provisions and public comment requirements; perform a detailed study, including an economic cost-benefit analysis; and assess less restrictive alternatives to the proposed restriction. See ECF No. 1 at ¶ 13; see also 49 U.S.C. § 47524(b); 14 C.F.R. § 161.205(a). The City, as an airport proprietor, must abide by ANCA and may implement an appropriate, narrowly tailored restriction only if that conclusion accords with the thorough and fulsome study that ANCA requires. See ECF No. 1 at ¶ 25.[3]

The Supreme Court has held that Congress intended to occupy the entire field of air safety, meaning that ANCA preempts state law in this area. See City of Burbank v. Lockheed Air Terminal, Inc., 411 U.S. 624, 633 (1973). To this end, state regulations that conflict with federal aviation law are preempted and therefore invalid. See Goodspeed Airport LLC v. E. Haddam Inland Wetlands & Watercourses Comm'n, 634 F.3d 206, 210–11 (2d Cir. 2011); see also Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton, 841 F.3d 133, 141, 151–52 (2d Cir. 2016) (federal law preempts local regulations that restrict heliport operations); Crout v. Haverfield Int'l, Inc., 269 F. Supp. 3d 90, 99 (W.D.N.Y. 2017) ("The Second Circuit, joining its sister courts, held that Congress intended to preempt the entire field of air safety regulations, thereby displacing any and all state and common law which touches or bears upon air safety.") (internal citation omitted).

Local Law 64 circumvents that federal scheme by (1) mandating the imposition of an onerous restriction *before* the City fully complies with ANCA; (2) abdicating the City's own obligations under ANCA to the fixed-base operators (hereinafter referred to as the "FBOs") of the subject heliports,[4] and (3) effectively restricting Stage 3 aircraft without the unanimous-operator agreement or FAA approval required by ANCA. See 49 U.S.C. § 47524(b) and (c). Contrary to the City's contention, the final subsection of Local Law 64,[5] while paying lip service to ANCA, does not cure its preemption problem. The fact remains that Local Law 64 mandates a near-blanket ban be implemented shortly after the public comment period begins, regardless of the outcome of any ANCA study, which requires, *inter alia*, considering less restrictive alternatives. See ECF No. 16 at 2.

The law of this Circuit is clear that the proprietor exception cannot save a restriction that

---

[2] The noise standards are defined by the FAA in terms of "stages," ranging from Stage 1, the noisiest aircraft class, to Stage 5, the quietest aircraft class. See 14 C.F.R. Part 36.
[3] For stage 3 aircraft, the process is even more intensive: the airport proprietor must obtain consent from all aircraft operators or approval from the Secretary of Transportation. See ECF No. 1 at ¶¶ 154–55; see also 49 U.S.C. § 47524(c)(1).
[4] Local Law 64 improperly delegates the airport proprietor's obligations to private FBOs, despite ANCA and 14 C.F.R. Part 161 placing the obligation solely on the "airport proprietor."
[5] Local Law 64 has been codified at N.Y.C. Admin. Code § 22-828.

2

violates ANCA.  See Friends, 841 F.3d at 139, citing British Airways Bd. v. Port Auth. of New York, 558 F.2d 75, 84 (2d Cir. 1977) (The proprietor exception to the general supremacy of federal regulation vests the proprietor "only with the power to promulgate reasonable, nonarbitrary and non-discriminatory regulations that establish acceptable noise levels for the airport and its immediate environs.").  Indeed, the Second Circuit recognized that "the role preserved for local airport proprietors in regulating noise levels is a 'limited' one."  Friends, 841 F.3d at 153, quoting Nat'l Helicopter Corp. of Am. v. City of New York, 137 F.3d 81, 88–89 (2d Cir. 1998).  As the Second Circuit explained in Friends, "nothing in National Helicopter suggests that an airport proprietor can satisfy these criteria if he fails to comply with mandated procedures of federal law—such as ANCA—for the enactment of such restrictions.  To the contrary, actions taken in violation of legal mandates are, by their nature, unreasonable and arbitrary."  Friends, 841 F.3d at 153.  Thus, the City's near-exclusive reliance on National Helicopter to claim benefit of the proprietor exception is misplaced at best and misleading at worst.  See ECF No. 16 at 1–2.

At base, Local Law 64 bans nearly all "non-essential" helicopter operations at City-owned heliports beginning in 2029.  Merely because it cites a perfunctory *post hoc* process that cannot alter the predetermined result does not save it from preemption.  Accordingly, because Local Law 64 directly conflicts with ANCA's procedural and substantive requirements, the legislation is preempted by ANCA.  See Friends, 841 F.3d at 153 (citations omitted).

### *Local Law 64 Is Preempted by the Federal Aviation Act and 49 U.S.C. § 40103(e)*

Local Law 64 is likewise preempted by other federal aviation legislation, specifically the Federal Aviation Act and 49 U.S.C. § 40103(e).  As to the first, Plaintiffs allege that statements made by sponsors and other stakeholders during the legislative process and Local Law 64's structure demonstrate an intent to regulate aviation safety and aircraft operations, areas within the FAA's exclusive jurisdiction under the Federal Aviation Act.  See ECF No. 1 at ¶¶ 32, 109–22.  While the City contends that Local Law 64 "is a noise regulation," Plaintiffs assert that Local Law 64 was enacted in the wake of a chartered helicopter crash and as part of a package of measures expressly described by its sponsor as intended to "raise the bar on safety and sustainability."  ECF No. 1 at ¶¶ 95, 116; see also ECF No. 16 at 2.  Those allegations are sufficient at the motion to dismiss stage to demonstrate that Local Law 64 "implicates air safety" and thus runs afoul of the Federal Aviation Act.  ECF No. 16 at 2; see also Tweed-New Haven Airport Auth. v. Tong, 930 F.3d 65, 74 (2d Cir. 2019) (The Federal Aviation Act "impliedly preempts the entire field of air safety.") (internal quotations and citations omitted).[6]

Plaintiffs further allege in the Complaint that 49 U.S.C. § 40103(e) establishes exclusive government sovereignty over U.S. airspace.  ECF No. 1 at ¶¶ 203–10.  Contrary to the City's contention, a plaintiff can bring a claim in federal court under the Supremacy Clause challenging a state regulation as violating § 40103, even where no private right of action exists.  ECF No. 16 at 2-3; see W. Air Lines, Inc. v. Port Auth. of New York & New Jersey, 817 F.2d 222, 225–26

---

[6] The City's unsupported assertion that Local Law 64 is a noise regulation without any safety impact also raises a factual dispute inappropriate for resolution on a motion to dismiss.  ECF No. 16 at 2;  Ray v. Weit, 708 F. App'x 719, 722 (2d Cir. 2017) (summary order) ("[A] factual dispute . . . could not have been resolved on a motion to dismiss under Rule 12(b)(6)."), citing Fin. Guar. Ins. Co. v. Putnam Advisory Co., 783 F.3d 395, 404–05 (2d Cir. 2015).

(2d Cir. 1987) (holding airline could bring Supremacy Clause challenge to local aviation regulation even though no private right of action existed to enforce statute that allegedly preempted that regulation).[7] In any event, Plaintiffs can challenge Local Law 64 under the *Ex parte Young* doctrine, which allows for prospective injunctive relief against state officials to end ongoing violations of federal law, where, as here, the state regulation conflicts with the federal government's exclusive authority. See Friends, 841 F.3d at 144–45.

### *Plaintiff Has Standing to Assert Her SEQRA Claim*

Finally, Plaintiff Victoria Seskin has standing to pursue her SEQRA claim. The Complaint sets out, in relevant part, that Local Law 64 was enacted in violation of lawful procedure because the City failed to determine whether Local Law 64 is subject to SEQRA or perform any environmental assessment. See ECF No. 1 at ¶¶ 75, 259–61. Plaintiffs further allege that banning "non-essential" helicopters will not limit their demand but merely result in the flights being re-routed to other heliports. See id. at ¶¶ 262–64. Specifically, Plaintiffs allege that closing the Downtown Manhattan and East 34th Street Heliports will necessarily divert air traffic to already congested flight paths serving LaGuardia International Airport (hereinafter referred to as "LaGuardia") and John F. Kennedy International Airport (hereinafter referred to as "JFK"), and residents of the towns directly under those flight paths will experience corresponding increases in noise and pollution. Id. at ¶ 37. Thus, "[s]uch residents, including Ms. Seskin, will be uniquely and adversely impacted by the City's legislation." Id.

The City contends Ms. Seskin lacks standing based on factual conclusions drawn from an FAA helicopter route chart outside the Complaint, which purportedly demonstrates that "none of the nine approaches to [LGA] or [JFK] airports fly over Garden City." ECF No. 16 at 3. However, Plaintiffs allege that (1) Local Law 64 will divert helicopter traffic from Manhattan to flight paths serving JFK and LaGuardia, (2) Ms. Seskin resides directly under those paths, and (3) she will experience increased noise and pollution as a result. See ECF No. 1 at ¶¶ 233–37. As explained in Plaintiffs' venue submission (ECF No. 10), these allegations plainly satisfy the pleading requirement of threatened, particularized environmental harm. See Save the Pine Bush, Inc. v. Common Council of City of Albany, 13 N.Y.3d 297, 305 (2009), citing Soc'y of Plastics Indus. v. Cnty. of Suffolk, 77 N.Y.2d 761, 779 (1991).[8] The City's manufactured factual

---

[7] Nothing in 41 N. 73 W., Inc. v. U.S. D.O.T., 408 F. App'x 393, 396 (2d Cir. 2010), cited by the City, forecloses a declaratory judgment action grounded in preemption. See ECF Doc. No. 16 at 2. Rather, "14 C.F.R. Part 16 *permits* a person 'directly and substantially affected' by an airport sponsor's alleged noncompliance with a Grant Assurance to file a formal complaint with the FAA. 14 C.F.R. § 16.23(a). If the pleadings reveal a 'reasonable basis for further investigation,' the FAA investigates the allegations, after which the Director of the Office of Airport Safety and Standards issues an 'initial determination.'" 41 N. 73 W., Inc. v. U.S. D.O.T., 408 F. App'x at 396, citing 14 C.F.R. §§ 16.29(a), 16.31(a) (emphasis added). "If the Director dismisses a complaint, the petitioner *can* file an administrative appeal to the Associate Administrator for Airports, who examines the existing record and issues a final decision without a hearing. [] This final decision is then reviewable by a federal appellate court via petition." Id., citing 14 C.F.R. §§ 16.31(c), 16.33(a)(1); 49 U.S.C. § 46110; 14 C.F.R. § 16.247(a) (emphasis added).

[8] Moreover, Ms. Seskin's injury became concrete when Local Law 64 became law in the absence of any SEQRA review. See, e.g., Stop-The-Barge v. Cahill, 1 N.Y.3d 218, 223–24, (2003) (agency declaration that further environmental review under SEQRA was not required "resulted in actual concrete injury to petitioners" because project could then proceed without an environmental impact statement); In re Sanitation Garage Brooklyn Districts 3 & 3A, 32 A.D.3d 1031, 1035 (2d Dep't 2006) (SEQRA claim accrued when agency's approval of project became

4

disputes about where helicopters fly, where "tours could operationally relocate," and what route is the "most direct" are not subject to "resolution on a motion to dismiss." ECF No. 16 at 3; Fin. Guar. Ins. Co., 783 F.3d at 404–05; see also McTyere v. Apple, Inc., 663 F. Supp. 3d 247, 256 (W.D.N.Y. 2023). Put differently, Plaintiffs are not required to "justify their speculation" concerning potential re-routing at the motion to dismiss stage, but to plead a plausible claim where all the facts averred are construed in their favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also United States ex rel. Foreman v. AECOM, 19 F.4th 85, 107 (2d Cir. 2021) (holding that a district court "errs when it consider[s] affidavits and exhibits submitted by defendants, or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss") (internal citation omitted); Wolo Mfg. Corp. v. ABC Corp., 349 F. Supp. 3d 176, 201 (E.D.N.Y. 2018) (holding that a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible") (internal citations omitted).

### *Conclusion*

Overall, the City's arguments in support of dismissal rest on disputed facts, misapplications of controlling case law, and interpretations of Local Law 64 that cannot be resolved at the pleading stage. By contrast, Plaintiffs' claims are supported by detailed, well-pleaded allegations demonstrating that Local Law 64 is preempted, unlawful, and procedurally defective, and that Plaintiffs—individually and organizationally—have suffered concrete and particularized injuries adequate to confer standing. Accordingly, for the foregoing reasons, Plaintiffs respectfully request the Court deny the City leave to file its proposed motion to dismiss the Complaint.

We thank the Court for its attention to this matter.

Respectfully submitted,

James M. Catterson
PILLSBURY WINTHROP SHAW
PITTMAN LLP
31 West 52nd Street
New York, NY 10019-6131
james.catterson@pillsburylaw.com
*Attorneys for Plaintiffs Eastern
Region Helicopter Council and
Vertical Aviation International*

---

"final and binding" without any further environmental impact review).

_____
Jayme Jonat
HOLWELL SHUSTER &
GOLDBERG LLP
425 Lexington Avenue
New York, NY 10017
jjonat@hsgllp.com
*Attorneys for Plaintiff Victoria Seskin*