UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EASTERN REGION HELICOPTER COUNCIL,
VERTICAL AVIATION INTERNATIONAL, and
VICTORIA SESKIN,

                Plaintiffs,

          vs.

THE CITY OF NEW YORK,

                Defendant.

Civil Action No. 25-cv-04682
(NGG)

## DECLARATION OF JEFFERY SMITH IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Jeffery Smith, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.      I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The statements set forth in this Declaration are based on my personal knowledge.

2.      I am the Board Chair for Plaintiff Eastern Region Helicopter Council (hereinafter referred to as "ERHC"). I submit this Declaration in opposition to the Defendant the City of New York's (hereinafter referred to as the "City") motion to dismiss.

3.      I have over twenty years of experience managing heliport activities in New York.

4.      I have served as a member of ERHC for over fifteen years, as Board Chair for five years, a director for seven, and Vice President of Operations for five years.

5.      I have also served as the Chairperson for the Federal Aviation Administration's (hereinafter referred to as the "FAA") Ad-Hoc Committee for Airspace Redesign of the New York traffic area and was a member of the New York Task Force for airspace redesign in 2009.

6.      I am familiar with helicopter operations in the New York metropolitan area, including operations at the Downtown Manhattan Heliport and the East 34th Street Heliport (hereinafter

collectively referred to as the "Manhattan Heliports") and John F. Kennedy International Airport (hereinafter referred to as "JFK") and LaGuardia Airport (hereinafter referred to as "LGA").

7. I am also familiar with regional helicopter traffic patterns, airspace constraints, and FAA routing practices for helicopter traffic between New York City and locations to the east, including Long Island and Connecticut, as well as helicopter operations involving JFK and LGA.

8. Helicopter flights traveling to JFK and LGA from locations to the east of New York City, including the East End of Long Island and points outside New York State, generally approach those airports from the east.

9. This is consistent with standard helicopter routing practices in the New York metropolitan area, where aircraft approaching from the east follow routes that bring them westward toward JFK and LGA.

10. The airspace surrounding JFK and LGA is Class B airspace, which is highly regulated.

11. As a result, the FAA exercises significant control over how aircraft, including helicopters, enter and transit that airspace.

12. To that end, the FAA typically directs helicopters to follow specific routes when approaching from the east.

13. Indeed, in approaching JFK and LGA from the east, many of those helicopter flights, particularly where pilots are not instrument-certified,[1] will be directed by the FAA to follow commonly used routes, including what is known as the "Track" route.

14. The Track route is not an instrument approach to a runway but, rather, a designated helicopter transit route used to move aircraft through controlled airspace.

---

[1] Most helicopters operating in the New York metropolitan area operate under visual flight rules rather than instrument flight rules and therefore rely on established FAA-designated routes when transiting controlled airspace.

2

15. The Track route and similar eastern approach routes pass over Long Island, including Nassau County.

16. These routes are in the vicinity of communities such as Garden City, New York.

17. As a result, helicopter traffic approaching JFK and LGA from the east may traverse airspace near those communities.

18. Helicopters operating along these routes typically fly at relatively low altitudes, generally in the range of approximately 500 to 1,000 feet above ground level in certain segments, including areas near Belmont Racetrack.

19. In my experience, when access to a heliport is restricted in a dense metropolitan environment such as New York City, operators do not cease operations; rather, they relocate those operations to other available facilities within the region.

20. If that occurs, I expect that helicopter traffic along these eastern approach routes, including the Track route, will increase.

21. A true and correct copy of a study entitled "NYC Helicopter Diversion Analysis: Potential Impact of NYC Legislation Int 26-A," commissioned by Plaintiffs and prepared by Jason Stoddard of Harris Miller Miller & Hanson Inc. is annexed here as **Exhibit A**.

22. That study reflects that approximately 19% of now-prohibited traffic will be diverted to JFK and LGA if Local Law 64 takes effect as enacted.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 27, 2026.

Jeffery Smith

3